## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES JAMISON,
Plaintiff,

vs.

UNITED STATES FEDERAL
GOVERNMENT, *et al.*,
Defendants.

Case No. 1:18-cv-419

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff has filed a civil rights complaint and amended complaint in this Court pursuant

to 42 U.S.C. § 1983. (Doc. 1, 7). On July 23, 2018, the undersigned issued a Report and

Recommendation that plaintiff's complaint, as amended, be dismissed for failure to state a claim

upon which relief may be granted. (Doc. 9). Specifically, it was recommended that plaintiff's

claims that defendants—the United States Federal Government, Assistant United States Attorney

Jessica Knight, and U.S. Attorney General Jeff Sessions—violated his constitutional rights in

connection with the revocation of his supervised release be dismissed because his claims were

barred by sovereign and prosecutorial immunity. (*See id.*). Plaintiff has now filed a proposed

second amended complaint naming United States District Court Judge Timothy S. Black as a

defendant on the basis that Judge Black allegedly violated his constitutional rights in sentencing

him for a supervised release violation. (*See* Doc. 10).

Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings. A

complaint may be amended once as a matter of course within twenty-one days of service of

responsive pleadings. Fed. R. Civ. P. 15(a)(1)(B). Thereafter, a plaintiff may amend the

complaint either with consent of the opposing party or leave of the court. Fed. R. Civ. P.

15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay

in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to

cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 421 (6th Cir. 2000).

In this instance, plaintiff should be denied leave to file a second amended complaint because the proposed amended complaint fails to state a claim upon which relief can be granted. Plaintiff seeks to hold Judge Black liable for revoking his supervised release and sentencing him for the violation. However, judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington,* 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio,* 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir. 1985). Plaintiff has not alleged any facts to suggest that Judge Black acted outside his judicial capacity or "in the complete absence of all jurisdiction." *Stern,* 262 F.3d at 607. Accordingly, the complaint fails to state a claim for which relief may be granted against the judicial defendant because he is entitled to absolute judicial immunity for the actions alleged in the complaint. *See, e.g., Perez v. United States,* No. C-10-246, 2011 WL 2618881, at *2–3 (S.D. Tex. July 1, 2011) (finding that a judge was entitled to absolute judicial immunity where the judge determined that the plaintiff violated the conditions of his supervised release and sentenced him); *Lawrence v. Conlon,* No. 92 C 2922, 1995 WL 153273, at *3 (N.D. Ill. Apr. 6, 1995) ("a judge

who considers the evidence at a hearing regarding the revocation of a supervised release and renders a decision, acts well within her judicial capacity").

Accordingly, in sum, plaintiff should be denied leave to file a second amended complaint because the proposed second amended complaint fails to state a claim upon which relief may be granted.

**IT IS SO RECOMMENDED.**

Date: 7/31/2018

Karen L. Litkovitz
United States Magistrate Judge

JAMES JAMISON,
    Plaintiff,

Case No. 1:18-cv-419

vs.

Barrett, J.
Litkovitz, M.J.

UNITED STATES FEDERAL
GOVERNMENT, *et al.*,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof.   That period may be extended further by the Court on timely

motion by either side for an extension of time.   All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after

being served with a copy of those objections.   Failure to make objections in accordance with this

procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States

v. Walters,* 638 F.2d 947 (6th Cir. 1981).