# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JAMES JAMISON,
Plaintiff,

vs.

UNITED STATES FEDERAL
GOVERNMENT, *et al.*,
Defendants.

Case No. 1:18-cv-419

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff has filed a civil rights complaint and amended complaint in this Court pursuant to 42 U.S.C. § 1983. (Doc. 1, 7). On July 23, 2018, the undersigned issued a Report and Recommendation that plaintiff's complaint, as amended, be dismissed for failure to state a claim upon which relief may be granted. (Doc. 9). Specifically, it was recommended that plaintiff's claims that defendants—the United States Federal Government, Assistant United States Attorney Jessica Knight, and U.S. Attorney General Jeff Sessions—violated his constitutional rights in connection with the revocation of his supervised release be dismissed because his claims were barred by sovereign and prosecutorial immunity. (*See id.*). On July 25, 2018, plaintiff filed a proposed second amended complaint, which the undersigned has recommended be denied. (*See* Doc. 10, 11).

This matter is now before the Court on plaintiff's August 1, 2018 proposed amended complaint. (Doc. 12). Plaintiff seeks to amend his complaint to include relief in the form of immediate release. (*See id.* at PageID 67, 70).

Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within twenty-one days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1)(B). Thereafter, a plaintiff may amend the complaint either with consent of the opposing party or leave of the court. Fed. R. Civ. P.

15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

In this case, plaintiff should be denied leave to file the amended complaint because the proposed amended complaint fails to state a claim upon which relief can be granted. To the extent plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff may not pursue habeas corpus relief through a civil rights action under Section 1983.[1]

Accordingly, in sum, plaintiff should be denied leave to file a second amended complaint because the proposed second amended complaint fails to state a claim upon which relief may be granted.

**IT IS SO RECOMMENDED.**

Date: 8/13/18

Karen L. Litkovitz
United States Magistrate Judge

---

[1] The proposed amended complaint otherwise repeats plaintiff's allegations that his constitutional rights were violated in connection with the revocation of his supervised release. For the reasons stated in the Court's prior Report and Recommendations, plaintiff's allegations fail to state a claim for relief against the named defendants. (*See* Doc. 9, 11).

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES JAMISON,
Plaintiff,

vs.

UNITED STATES FEDERAL
GOVERNMENT, *et al.*,
Defendants.

Case No. 1:18-cv-419

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).