UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES JAMISON,
    Plaintiff,

vs.

UNITED STATES FEDERAL
GOVERNMENT, *et al.*,
    Defendants.

Case No. 1:18-cv-419

Barrett, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's motion to waive the filing fee and to reimburse him for amounts he has paid towards the fee. (Doc. 46).

Under the Prison Litigation Reform Act ("PLRA"), the moment a prisoner files his complaint with the Court, he becomes "responsible for the filing fee" and "waive[s] any objection to the withdrawal of funds from his trust fund account to pay court fees and costs." *Patterson v. Mackie*, No. 13-15149, 2014 WL 1478437, at *1 (E.D. Mich. Apr. 15, 2014); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) ("by filing the complaint . . ., the prisoner waives any objection to the fee assessment by the district court" and "to the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs").[1]

The PLRA does not allow for the cancellation of a prisoner's obligation to pay the full filing fee after the complaint is filed. *See Goins v. Decaro*, 241 F.3d 260, 261 (2nd Cir. 2001) ("The PLRA makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event an appeal is withdrawn. That is not surprising, since a

---

[1] It is noted that *McGore* was overruled in part on other grounds by the Supreme Court in *Jones v. Bock*, 549 U.S. 199 (2007), and the Sixth Circuit in *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). The citations to *McGore* in this Order are proper because they do not pertain to the issues addressed in either *Jones* or *LaFountain*.

congressional objective in enacting the PLRA was to make all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.") (internal quotation and citation omitted); *see also Ippolito v. Buss*, 293 F. Supp. 2d 881, 883 (N.D. Ind. 2003) (pointing out that the PLRA does not contain exceptions to or exemptions from the requirement that prisoners bear the cost of the full filing fee). *Cf. Watley v. Parks*, No. 1:01cv622, 2013 WL 3467044, at *1 (S.D. Ohio July 9, 2013) (Bowman, M.J.) (Report & Recommendation) (citing *Goins* in a "long-closed" case as support for denying the prisoner-plaintiff's motion for relief from the Court's previous Order to pay the full filing fee as required by the PLRA), *adopted*, 2013 WL 3934345 (S.D. Ohio July 30, 2013) (Beckwith, S.J.).

In accordance with a Second Circuit precedent, the Sixth Circuit has held that "a prisoner is obligated to pay assessed fees and costs only while he or she remains incarcerated." *McGore*, 114 F.3d at 612-13 (citing *McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 29-30 (2nd Cir. 1996)). "After release, the obligation to pay the remainder of the fees is to be determined [by the district court] solely on the question of whether the released individual qualifies for pauper status" as a non-prisoner. *Id.* at 613; *see also Smith v. City of Chattanooga*, No. 1:10cv206, 2010 WL 5257238, at *1 (E.D. Tenn. Dec. 17, 2010).

At this juncture, plaintiff is yet to be released from prison. He therefore remains obligated to pay the filing fee by making monthly installment payments to the Court until he has satisfied the full amount due. 28 U.S.C. § 1915(b)(2) provides in pertinent part:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The PLRA contains no language suggesting that the courts have authority or any discretion to

2

allow prisoners to depart or deviate from the payment schedule explicitly set out in that statutory provision. *Cf. Ippolito*, 293 F. Supp. 2d at 883 ("there is nothing [in § 1915(b)(2)] suggesting that the court may depart from the explicit language of the statute [or] that a prisoner may deviate from the payment schedule, or that a court may . . . defer a prisoner's payment until he is released from custody"). Indeed, as the district court in *Ippolito* pointed out, "deferring the required payments until after a prisoner has been released from prison would destroy the purpose of the statute." *Id.* "[E]nsuring payment of the full amount of filing fees is much easier while a prisoner is in custody and has a prisoner's trust account[;] it is not so simple once a prisoner has been released," particularly given that he may qualify at that point for exemption as a pauper from any further obligation to satisfy the full amount due.

Accordingly, in sum, this Court concludes that it lacks discretion to grant the relief requested by plaintiff in his motion. Therefore, the motion (Doc. 46) is **DENIED**.

**IT IS SO ORDERED.**

Date: 12/11/19

Karen L. Litkovitz
United States Magistrate Judge

3